## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ADONAI COMMUNICATIONS, LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:10-CV-2642-L** |
| | § | |
| **AWSTIN INVESTMENTS, LLC, et. al.,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the order of reference dated June 3, 2011, before the Court for determination is *Defendants' Objections to and Motion to Strike the Affidavit Testimony of Bill Podsednik and Documents Attached Thereto*, filed May 27, 2011 (doc. 31).  Based on the relevant filings and applicable law, the motion is **GRANTED**, in part, and **DENIED**, in part.

## I.  BACKGROUND

This action arises out of an alleged breach of a share-purchase agreement allegedly requiring payment of certain deferred taxes and indemnification of millions of dollars in tax liability.

Adonai Communications, Ltd. (Plaintiff) has filed this lawsuit against Michael Bernstein; Awstin Investments, L.L.C.; Premium Acquisitions, Inc. formerly known as MidCoast Acquisitions Corp.; Premium Investors, Inc. formerly known as MidCoast Investments, Inc.; MDC Credit Corp. formerly known as MidCoast Credit Corp.; Shorewood Associates, Inc.; and Shorewood Holdings Corp.  It asserts claims for breach of contract, common law fraud, statutory fraud, fraud by non-disclosure, and negligent misrepresentation, and seeks indemnification and a judicial declaration of its rights and duties under the agreement.  Plaintiff claims that a labyrinth of these entities, led by Bernstein, systematically defrauded it by promising to indemnify it and pay outstanding tax

obligations as part of the stock-purchase agreement with absolutely no intention of fulfilling that promise.

Bernstein, Premium Acquisition, Premium Investors, Shorewood Associates, and Sherwood Holdings (Defendants) have moved to dismiss for lack of personal jurisdiction. In response, Plaintiff has proffered the affidavit of Bill Podsednik (Affiant) with several exhibits.  (*See* doc. 24, Ex. 1). Defendants move to strike the affidavit and exhibits, asserting numerous evidentiary objections. Plaintiff has timely filed a response and the motion is now ripe for determination.

## II.  ANALYSIS

The affidavit consists of twenty paragraphs and has six exhibits. The first paragraph states that the asserted facts are true and correct and within Afffiant's personal knowledge.  The next two paragraphs identify his position with Plaintiff and Awstin Worldwide Communications, Ltd. (Awstin WW) since 2000 as an accountant, his positions with Awstin WW from 2000 to 2004 as secretary, treasurer, and registered agent, and his ownership of roughly four percent of Awstin WW's shares. Most of the remaining paragraphs (paragraphs 4-9, 11-14, and 16-21) make assertions in support of the opposition to the motion to dismiss, and are the object of the motion to strike.

### A.  Paragraph 4

Paragraph 4 of the affidavit states: "Awstin WW operated a number of newspapers serving several suburban towns around the Dallas Fort Worth Area.  In 2002, Awstin hired a business broker by the name of Ted Rickenbacher (Broker) to help identify a potential purchaser for Awstin WW. Knight Ridder ultimately purchased the assets of Awstin WW in February 2004; the Broker then brought in MidCoast Investments, Inc., which was interested in purchasing the shares of Awstin WW."

1. <u>Sentence 2</u>

Defendants object that Affiant has not provided a proper foundation to establish personal knowledge for whether Knight Ridder purchased the assets of Austin WW, whether the Broker brought in MidCoast investments, or whether MidCoast Investments was interested in purchasing the stocks.   Rule 602 of the Federal Rules of Evidence states that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.   Personal knowledge may be proved by a witness' or an affiant's own testimony, or reasonably inferred from his position or the nature of his participation in the matters to which he swears. *See id.*; *Am. Motorist Ins. Co. v. Southcrest Constr. Inc.*, 2006 WL 995202, at *9 (N.D. Tex. 2006) (citing *DIRECTV v. Budden*, 420 F.3d 521, 529-30 (5th Cir. 2005)).   It may include inferences and opinions so long as they are grounded in personal observation and experience. *See United States v. Cantu*, 167 F.3d 198, 204 (5th Cir. 1999).   Here, Affiant avers that he was the accountant, secretary, treasurer, and registered agent for Plaintiff and Awstin WW, and participated in the due diligence regarding the agreement at issue and negotiation with the MidCoast entities.   Based on his position with Plaintiff and Awstin WW, and his role in the due diligence and negotiation of the share purchase agreement at issue, Affiant has the requisite personal knowledge to make the statement at issue.   Defendants' objection is overruled.

Defendants also object to the reference to "Broker" as impermissibly vague and not readily controvertible.   The vagueness objection is overruled because Affiant defines "Broker"in the preceding sentence as Ted Rickenbacher.   The objection that the phrase is not readily controvertible is not a proper objection under the Federal Rules of Evidence or legal doctrine. *See Garcia v. Navasota Indep. Sch. Dist.*, 2011 WL 335253, at *2 n.15 (S.D. Tex. Jan. 31, 2011) (overruling

objection that a statement in the affidavit was not readily controvertible as unsupported by the rules of evidence or legal doctrine).

    2.  <u>Sentence 3</u>

Defendants object that Affiant's statement that MidCoast Investments was interested in purchasing the shares is speculative.  As discussed, based on his involvement with the due diligence and negotiation of the share-purchase agreement, Affiant was in a position to know or opine about whether MidCoast Investments was interested in purchasing the stock.  Defendants' objection that the statement is speculative is overruled.

## B.  Paragraph 5

Paragraph 5 of the affidavit states: "I was told that Broker entered into a finder's fee agreement with MidCoast Investment.  I later saw a copy of the brokerage agreement and a cancelled check that showed MidCoast Investments hired the Broker and MidCoast Acquisitions paid the brokerage fee.  (See Finder's Fee Agreement between Broker and MidCoast Investments attached as 'Exhibit A' and incorporated by reference)"

    1.  <u>Sentence 1</u>

Defendants object that the first sentence of paragraph 5 is inadmissible hearsay, is not based on personal knowledge, and is not readily controvertible.  Except in limited circumstances, an out-of-court statement offered to prove the truth of the matter asserted is hearsay, and subject to certain exceptions, is not admissible as evidence.  *See* Fed. R. Evid. 801 & 802.  Affiant states that he "was told" of Broker's finder's fee agreement with MidCoast Investments and offers that statement to prove the existence of that agreement.  Since the statement is an out-of-court statement offered to prove the truth of the matter asserted, it is inadmissible hearsay.  Notably, Plaintiff does not argue

or meet its burden to show that the hearsay exceptions listed in Fed. R. Evid. 803 and 804 apply. *See Sowders v. United Corp.*, 2007 WL 3171797, at *1 (W.D. Tex. Aug. 15, 2007). Defendants' objection that the first sentence of paragraph 5 is inadmissible hearsay is sustained, and their remaining objections to the first sentence are overruled as moot.

2. Sentence 2

Defendants also object that Affiant's second statement — that he saw a copy of the finder's fee agreement and the cancelled check showing that MidCoast Investments hired the Broker and MidCoast Acquisitions paid the brokerage fee — is also inadmissible hearsay. Plaintiff correctly points out that Affiant's testimony about the agreement and the cancelled check is not hearsay because both documents are legally-operative verbal acts with legal significance independent of the truth of any statement contained in them. *See Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994) ("Signed instruments such as wills, contracts, and promissory notes are writings that have independent legal significance and are not hearsay"); *United States v. Continental Casualty Co.*, 414 F.2d 431, 434 (5th Cir. 1969) (with verbal acts, the "inquiry is not the truth of the words said, but merely whether they were said"); *United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004) ("Checks fall squarely in [the] category of legally-operative verbal acts that are not barred by the hearsay rule").

Defendants claim that even if a document is not hearsay, the document itself is generally the only admissible evidence of its contents. This objection implicates the best evidence rule which provides that an original writing, recording, or photograph is required to prove its contents unless the Federal Rules of Evidence or an Act of Congress provides otherwise. Fed. R. Evid. 1002. Here, Plaintiff offers the fee agreement and the check to show that MidCoast Investments hired the Broker

and MidCoast Acquisitions paid the brokerage fee.  Since Plaintiff seeks to prove the content of the documents at issue, he can only do so through the original documents or their duplicate.  Fed. R. Evid. 1002 & 1003.  As discussed below, Plaintiff has produced an unauthenticated copy of the finder's fee agreement and a self-authenticating copy of the check. Defendants' best evidence objection is therefore sustained with respect to Affiant's statement about what the finder's fee agreement shows but is overruled with respect to the reference to the check.

    3.  <u>Exhibit A</u>

Affiant has attached copies of the alleged finder's fee agreement and the check as exhibit A. Defendants contend that the documents are hearsay, violate the best evidence rule, and have not been authenticated.  As discussed, the documents are not hearsay because they constitute legally operative verbal acts.  Additionally, the documents are not inadmissible under the best evidence rule.  The best evidence rule provides that an original writing, recording, or photograph is required to prove its contents unless the Federal Rules of Evidence or an Act of Congress provides otherwise.  Fed. R. Evid. 1002.  Under Rule 1003, a duplicate is admissible to the same extent as an original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair ro admit the duplicate.  Fed. R. Evid. 1003.  Here, Affiant has presented a duplicate of the agreement, there is no argument that it would be unfair to admit the duplicate, and there is no genuine question regarding the original's authenticity.  The best evidence objection is overruled.

Defendants' objection as to the exhibit's authenticity is sustained in part, and overruled in part.  The objection is overruled as to the check because, as commercial paper, it is a self-authenticating document.  Fed. R. Evid. 902(9).  The objection is sustained as to the finder's fee agreement because it is not a self-authenticating, and there is no evidence that the attached copy is

a true copy of what it purports to be.  *See* Fed. R. Evid. 902; *McIntosh v. Partridge*, 540 F.3d 315, 322 n.6 (5th Cir. 2008).  In order to prove authenticity, there must be some evidence sufficient to support a finding that the evidence is what the proponent claims it to be.  Fed. R. Evid. 901(a); *United States v. Arce*, 997 F.2d 1123, 1128 (5th Cir. 1993).  While authenticating evidence may consist of circumstantial evidence, such as the document's own distinctive characteristics and the circumstances surrounding its discovery, Affiant's bare assertion that he saw and read the document, without more, is not enough to authenticate it.  *See Arce*, 997 F.2d at 1128 (citing *United States v. Smith*, 918 F.2d 1501, 1510 (11th Cir. 1990)).

**C.  Paragraph 6**

Paragraph 6 of the affidavit states:  "I participated in the due diligence and negotiations that ensued with MidCoast.  I worked with Ann Smith and Michelle Stewart in-house lawyers for MidCoast Credit.  I also communicated with Carolyn Sesco, controller for MidCoast Credit.  Olga Parra, MidCoast's general Counsel, was copied on a number of emails from Smith, Sesco and hired counsel for MidCoast."

1.  Sentence 1

Defendants object that Affiant makes a generic reference to "MidCoast" without identifying whether the relevant entity was MidCoast Credit, MidCoast Investments, or Midcoast Acquisitions.  Given that the two sentences following the statement refer to MidCoast Credit, it is apparent that "MidCoast" refers to MidCoast Credit.  Defendants' objection is overruled.

2.  Sentences 2 and 3

Defendants object to the phrase "worked with" as impermissibly vague and not readily controvertible.  Although not a model of clarity, the phrase is not vague because it relates back to

7

Affiant's previous assertion that he participated in the due diligence and negotiation of the share purchase agreement with the MidCoast entities.   Moreover, the objection that the phrase is not readily controvertible is not a proper objection under the Federal Rules of Evidence or legal doctrine.   *See Garcia*, 2011 WL 335253, at *2 n.15.

Defendants also object that there is no proper factual predicate to demonstrate that Affiant had knowledge of Smith's, Stewart's, or Sesco's employer, or position with that employer.   As discussed before, based on his positions with Plaintiff and Awstin WW, and his role in the due diligence and negotiation of the stock purchase agreement at issue, Affiant has the requisite personal knowledge to make the statement at issue.   Defendants' objections are overruled.

3. <u>Sentence 4</u>

Defendants object that Affiant makes only a generic reference to "MidCoast" and fails to provide a proper factual predicate to demonstrate that he had knowledge of Parra's employer or position with that employer, or of hired counsel for any of the MidCoast entities.   They also object that the email reference is hearsay and is not admissible under the best evidence rule.   Defendants' hearsay objection is sustained because Affiant is relying on out-of-court statements, i.e., the emails, to prove their content and to show that they were copied to Parra.   *See* Fed. R. Evid. 801 & 802.   The best evidence rule objection is also sustained because Affiant has not produced the original or duplicate emails, as is required to prove their content.   Fed. R. Evid. 1002 & 1003.   The remaining objections to the third sentence are overruled as moot.

**D.  Paragraph 7**

Paragraph 7 of the affidavit states: "Most of the communications regarding the share purchase were with MidCoast in-house lawyers, but I also worked with PJ Putnam and Holt Foster,

lawyers with Thompson and Knight, LLP, who represented MidCoast Credit.  Putnam specifically stated that MidCoast Credit Corp. would have to approve the Share Purchase Agreement and referred to 'MidCoast Credit's' purchase of Awstin WW's shares."

1.  Sentence 1

Defendants object that in the first half of the sentence, Affiant makes a generic reference to "MidCoast", fails to provide a proper factual predicate for his personal knowledge of hired counsel for any of the MidCoast entities, fails to indicate who made the communications, and makes only a vague assertion about the in-house lawyers.  Based on his positions with Plaintiff and Awstin WW, and his role in the due diligence and negotiation of the stock purchase agreement at issue, Affiant has the requisite personal knowledge about with whom he communicated to make the statement at issue.  These objections are overruled.

The second half states that Affiant worked with PJ Putnam and Holt Foster, lawyers with Thompson and Knight, LLP, who represented MidCoast Credit.  Defendants object that the phrase "worked with" is vague.  The phrase is not vague, however, because it relates back to Affiant's previous assertion that he participated in the due diligence and negotiation of the stock purchase agreement with the MidCoast entities.  The objection to the second half of the sentence is overruled.

2.  Sentence 2

Defendant objects that statement in the second sentence is inadmissible hearsay and is made without sufficient predicate of personal knowledge.  The statement is not hearsay, however, because it is offered as an admission of a party-opponent made through its attorney concerning a matter within the scope of his employment. *See* Fed. R. Evid. 801(d)(2).  The statement, moreover, is not made without personal knowledge because Affiant specifically states in the preceding sentence that

he worked with the maker of that statement.  Defendants' objections are overruled.

### E.  Paragraph 8

Paragraph 8 of the affidavit states: "MidCoast presented itself as a 47-year old company that was in the asset recovery business.  I was told by MidCoast representatives that the company regularly acquired the shares of companies to increase its cash flow and re-engineered those target companies into the asset recovery business.  During my due diligence, I did internet research regarding MidCoast.  MidCoast's website confirmed the statements made by the Broker and the MidCoast representatives.  The website also read as follows, 'The acquired company is not dissolved, liquidated, or merged into another company.'   (Copies of the relevant MidCoast Investment website pages are attached as 'Exhibit B' and incorporated by reference)."

#### 1.  Sentence 1

Defendants object that Affiant makes only a generic reference to "MidCoast" and that the statement is hearsay.  An overview of Exhibit B referenced in the same paragraph clarifies that "MidCoast" refers to MidCoast Credit. Additionally, as an admission of a party-opponent offered against it, the statement is not hearsay.  *See* Fed. R. Evid. 801(d)(2).  Defendants finally object that the statement is impermissibly vague and not readily controvertible.  As discussed, the statement is not vague when taken in context of the attached exhibit.  Additionally, the "readily controvertible" objection is not based on a rule of evidence or a legal theory.  The objections are overruled.

#### 2.  Sentence 2

Defendants object the reference to "MidCoast" and "company" is vague.  When viewed in light of Affiant's previous reference to MidCoast Credit's attorneys, "MidCoast" and "company" refer to MidCoast Credit.  Defendants also object that the statement is inadmissible hearsay.

10

However, since the statement refers to an admission of a party-opponent, it is not hearsay.  Fed. R.

Evid. 801(d)(2).  Defendants further object that Affiant has failed to establish that he has the

personal knowledge necessary to satisfy affidavit requirements.  As noted, given his positions with

Plaintiff and Awstin Worldwide and his role in the due diligence and negotiation of the agreement

at issue, Affiant has the requisite personal knowledge for making this statement.  Finally, Defendants

unsuccessfully argue that the statement is vague and not readily controvertible.  All of their

objections to the second sentence are overruled.

    3.  <u>Sentence 3</u>

Defendants again object to the generic reference to "MidCoast."  The objection is overruled;

given the reference to Exhibit B, which appears to be pages from the websites for MidCoast

Investment and MidCoast Credit, "MidCoast" refers to MidCoast Investments and MidCoast Credit.

    4.  <u>Sentence  4</u>

Defendants object to the generic references to "MidCoast," "Broker" and "representatives"

as vague and not readily controvertible, and argue that any statement made by the Broker and the

MidCoast representatives is inadmissible hearsay.  It is clear that "MidCoast" refers to all the

MidCoast entities, "Broker" refers to Ted Rickenbacher, and "representatives" refers to Midcoast

representatives with whom Affiant spoke, as stated in the second sentence.  The statements of

Midcoast representatives are party admissions.  Defendants' objections are overruled.

    5.  <u>Sentence 5</u>

Defendants object that any statement, quoting, paraphrasing, or referring to the website is

inadmissible hearsay.  Since the testimony at issue offers statements made by a party opponent on

its website, the testimony does not constitute hearsay.  *See* Fed. R. Evid. 801(d)(2).  The objection

is overruled.

6. Exhibit B

Defendants object that Exhibit B is hearsay, violates the best evidence rule, and has not been authenticated.  As an admission of a party-opponent offered against it, the exhibit is not hearsay. *See* Fed. R. Evid. 801(d)(2).  Additionally, even though the best evidence rule requires an original writing to prove its content, a duplicate is admissible to the same extent as an original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair ro admit the duplicate.  *See* Fed. R. Evid. 1002 & 1003.  Here, Affiant has presented a duplicate of the website, there is no argument that it would be unfair to admit the duplicate, and there is no genuine question regarding the original website's authenticity.

Additionally, the document has been properly authenticated from the description of the circumstances surrounding its discovery.  Affiant provides affidavit testimony that during his due diligence, he conducted internet research regarding the MidCoast entities and came upon their website.  Additionally, it appears from the exhibit that the website belongs to MidCoast Investments, and defendants do not allege that the document has been fabricated, modified, or manipulated.  *See Arce*, 997 F.2d at 1128 (a document may be authenticated by circumstantial evidence, including the document's own distinctive characteristics and the circumstances surrounding its discovery).  The objections to Exhibit B are overruled.

**F.  Paragraph 9**

Paragraph 9 of the affidavit states: "We relied on the representations from the employees of MidCoast and its Dallas lawyers about the nature of MidCoast's business, how this transaction would take place, that Awstin WW would be an ongoing business, and of course, that MidCoast

would pay the Deferred Taxes as set forth in the Share Purchase Agreement.  Adonai would not have entered into negotiations or consummated the share purchase agreement if we had known MidCoast's plans to flip the company  to avoid its legal obligation to pay the taxes and indemnify us."

Since the statements in the paragraph have not been considered in ruling on the motion to dismiss, Defendants' objections to it are overruled as moot.  *See Continental Casualty Co. v. St. Paul Fire & Marine Ins. Co.*, 2006 WL 984690, at *1 n.6 (N.D. Tex. Apr. 14, 2006) (Fitzwater, J.) (overruling as moot objections to evidence that was not considered by the court in deciding motion for summary judgment).

## G.  Paragraph 11

Paragraph 11 of the affidavit states: "At one point in the negotiations, we reached an impasse on whether Dr. Nathan Graves the primary shareholder of Adonai would indemnify MidCoast.  After a number of conversations and emails with the PJ Putnam and MidCoast in-house lawyers, I received a call from Michael Bernstein the president of MidCoast."

Defendants object that the generic references to "MidCoast" and "we" are vague, that Affiant does not have personal knowledge of what others may have done if they had additional or different information, that he does not provide a proper factual predicate that he had knowledge of hired counsel, and that any references to statements by Bernstein are inadmissible hearsay.   The first sentence is stricken as vague because of its vague reference to "MidCoast" and "we."  Only the references to "MidCoast in-house lawyers" and "MidCoast" are stricken as vague in the second sentence, however.  The remaining portion of the second sentence regarding conversations and emails with PJ Putnam and Bernstein is admissible.  Bernstein's telephone call is not hearsay

because it is offered not for the truth of its content, but to show that he participated in the negotiation of the agreement at issue. *See* Fed. R. Evid. 801; *U.S. v. Brewer*, 332 F. App'x 296, 302 (6th Cir. 2009). Even if the content is offered for its truth, it is admissible as an admission by a party opponent. *See* Fed. R. Evid. 801(d)(2).

## H. Paragraph 12

Paragraph 12 of the affidavit states: "Bernstein and I discussed the indemnification portion of the Share Purchase Agreement ('SPA') and the indemnification that MidCoast was requesting specifically from Dr. Nathan Graves. Dr. Graves did not want to indemnify MidCoast forever. I told Bernstein if the issues surrounding the indemnity provision could not be resolved, the deal was off."

Defendant makes several objections to the paragraph. However, since only the first half of the first sentence was considered in ruling on the motion to dismiss, only the objections to that specific portion will be considered. Defendants objects that any references to statements made by Bernstein are inadmissible hearsay. Since the references are to an admission by a party-opponent and are not offered for their truth, they are not hearsay. *See* Fed. R. Evid. 801. Defendants also object that Bernstein did not have a telephone conversation with Affiant. This is not a proper objection under the Federal Rules of Evidence. The hearsay objection to the Bernstein reference in the first half of the first sentence is overruled. The objections to the remaining paragraph are overruled as moot. *See Continental Casualty*, 2006 WL 984690, at *1 n. 6.

## I. Paragraph 13

Paragraph 13 of the affidavit states: "Bernstein told me that if that particular provision was a deal breaker then they would revise that proposed section of the SPA. Based on the fact that he

made that decision, signed that LOI and through other conversations that I had with counsel for MidCoast, I assumed that Bernstein had the final word on this transaction. I was led to believe that he was in charge of the MidCoast companies."

1. Sentence 1

With respect to the first sentence, defendants contend that Bernstein did not have a telephone conversation with Affiant. This is not a proper objection under the Federal Rules of Evidence. They next contend that any reference to Bernstein's statements is inadmissible hearsay. As noted, admissions by party opponents are excluded from the hearsay category by Rule 801. *See* Fed. R. Evid. 801(d). The objections to the first sentence of paragraph 13 are overruled.

2. Sentence 2

The only portion of the sentence considered in ruling on the motion to dismiss is the portion stating that Bernstein signed the letter of intent. Defendants do not object to that specific portion. Their objections to the remaining portions of the sentence are overruled as moot.

3. Sentence 3

Defendants object that Affiant only makes a generic reference to MidCoast and that the statement is vague, not readily controvertible, and contains impermissible factual conclusions. Since the statement has not been considered in ruling on the motion to dismiss, the objections are overruled as moot. *See Continental Casualty*, 2006 WL 984690, at *1 n. 6.

**J. Paragraph 14**

Paragraph 14 of the affidavit states: "Along with legal counsel hired by Adonai to review the terms of the Share Purchase Agreement, I reviewed the closing documents associated with this transaction. One document was the Written Consent in Lieu of the Sole Member of Awstin

Investments, LLC ('Consent') (Attached as 'Exhibit C' and incorporated by reference).   The

Consent states that Awstin was the designee of MidCoast Investments, which is authorized by its

sole member MidCoast Acquisitions to enter into the Share Purchase Agreement to purchase the

outstanding shares of Austin WW."

1.   Sentence 1

Defendants object that the phrase "closing documents" is impermissibly vague, not readily

controvertible, and contains impermissible factual conclusions.   The objections are overruled.

2.   Sentences 2 & 3

Defendants object that any statement quoting, paraphrasing, or referring to a document is

inadmissible hearsay, and that even if not hearsay, the document itself is generally the only

admissible evidence.   Here, the document at issue is entitled "Written Consent in Lieu of the Sole

Member of Awstin Investments LLC," and is signed by Bernstein as president of "MidCoast

Acquisitions Corp., Sole Member."   As such, the document is an admission of a party opponent and

any reference to it is not hearsay.   *See* Fed. R. Evid. 801(d)(2).   Additionally, Affiant has attached

a copy of the document to his affidavit as Exhibit C.   Defendants' objections to the second and third

sentence of paragraph 14 are overruled.

3.   Exhibit C

Defendants object that Exhibit C is inadmissible because it is inadmissible hearsay, violates

the best evidence rule, and has not been authenticated.   As determined already, the document is not

hearsay because it constitutes an admission of a party opponent.   Moreover, because a duplicate of

the original has been produced, it does not violate the best evidence rule.   *See* Fed. R. Evid. 1002

& 1003.   Finally, the affidavit testimony, the circumstantial evidence, and the document itself point

to its authenticity.  *See Arce*, 997 F.2d at 1128 (discussed above).  Affiant testified that he reviewed

the document while reviewing closing documents during the negotiations for the share purchase

agreement, the document appears to be signed by Bernstein on behalf of MidCoast Acquisitions, and

Defendants do not argue that the document was altered, manipulated, or fabricated in any way,

shape, or form.  The objections to Exhibit C are therefore overruled.

### K.  Paragraph 16

Paragraph 16 of the affidavit states: "We received notice from the IRS in April 2010 that

Adonai was potentially liable for taxes that Awstin WW to pay as a transferee.  These were the taxes

that MidCoast agreed to pay in the Share Purchase Agreement.  The IRS says that Adonai owes

approximately $2,563,235.49.  Adonai disputes that it has any tax liability related to this transaction

and we filed a protest that is pending with the IRS."

1. <u>Sentence 1</u>

Defendants object to the reference to the IRS notice as inadmissible hearsay and argue that

even if not hearsay, the document itself is generally the only admissible evidence of its contents.

The IRS notice of potential tax liability is not offered to show that Adonai was actually liable, but

only to show that they received a notice of tax liability from the IRS.  Since the reference to the

document is not made to prove the truth of its contents, the reference to it is not hearsay.  *See* Fed.

R. Evid. 801.  For that same reason, it is not inadmissible under the best evidence rule.  See Fed. R.

Evid. 1003.  The objections to the first sentence are overruled.

2. <u>Sentence 2</u>

Defendants' objections to the second sentence are overruled as moot because the sentence

has not been considered in ruling on the motion to dismiss. *See Continental Casualty*, 2006 WL

17

984690, at *1 n. 6.[1]

## L.  Paragraph 17

Paragraph 17 of the affidavit states: "On May 7, 2010, we sent a demand letter to Awstin Investments, LLC care of MidCoast Credit Corp., to Michael Bernstein's attention, just as the Share Purchase Agreement requires.  We were giving them notice of the potential tax liability and demanded that MidCoast  indemnify Plaintiff pursuant to the Agreement.  A law firm representing MidCoast Credit and MidCoast Acquisitions responded by letter dated May 19, 2010, that MidCoast denies its liability to Plaintiff.  (A copy of the letter is attached as 'Exhibit D' and incorporated by reference)."

### 1.  Sentence 1

Defendants object that any reference to the demand letter is inadmissible hearsay and that even if not hearsay, the document itself is generally the only admissible evidence of its contents. The reference to the demand letter is made, however, to show that a letter was sent to MidCoast Credit, not to prove the matter asserted in it.  The reference is therefore not hearsay and production of the letter itself is not required.  *See* Fed. R. Evid. 801 & 1002.  Defendants also object that the reference to "we" is improper.  Again, although not a model of clarity, it is discernable from the context of the affidavit that "we" refers to Adonai and Affiant.  Defendants further object that the last phrase of the sentence is a legal conclusion.  The objection to the last phrase of the sentence is sustained and the phrase is stricken from the affidavit.  The remaining objections are overruled.

### 2.  Sentence 2

Defendants object to Affiant's reference to "potential tax liability" as an impermissible legal

---

[1]  Defendants do not object to the remaining sentences in paragraph 16.

conclusion and argue that the reference to the demand letter is hearsay.  Since the statement was not considered in the context of the motion to dismiss, the objections are overruled as moot.  *See Continental Casualty*, 2006 WL 984690, at *1 n. 6.

3. Sentence 3

Defendants object to the generic reference to MidCoast as vague.  It is clear from the attached letter that "MidCoast" refers to MidCoast Acquisitions and MidCoast Credit.  Defendants also object that any reference to the letter is hearsay.  Since the letter at issue is from an attorney representing MidCoast Acquisitions and MidCoast Credit, the letter is an admission of a party opponent and any reference to it is not hearsay.  *See* Fed. R. Evid. 801(d)(2).

4. Exhibit D

Defendants further object that the attached letter is hearsay, inadmissible under the best evidence rule, and unauthenticated.  As an admission of a party opponent, the letter is not hearsay. *See id.*  Additionally, a duplicate is sufficient to satisfy the best evidence rule.  *See* Fed. R. Evid. 1002 & 1003.  Finally, there is sufficient evidence of authentication.  Affiant testifies to the circumstances in which the letter was received, an attorney purporting to represent MidCoast Investments and MidCoast Acquisitions has signed the agreement, and Defendants do not allege that the document was fabricated, altered, or manipulated.  The objections to Exhibit D are overruled.

**M. Paragraph 18**

Paragraph 18 of the affidavit states: "Based on information we received from IRS over the last year, it is clear that MidCoast and Bernstein never had any intention of paying the taxes or indemnifying Adonai as required by the Share Purchase Agreement."  This statement was not considered in the motion to dismiss context and any objections to it are overruled as moot.

**N.  Paragraph 19**

Paragraph 19 of the affidavit states: "I was deposed by the IRS and shown a number of documents regarding MidCoast.  Copies of the documents were provided to me along with a copy of the deposition transcript.  One of the documents that the IRS showed to me during the deposition was the agreement between Awstin and a company called Wilder Holdings to purchase Awstin WW.  (The Share Purchase Agreement between Awstin and Wilder is attached as 'Exhibit E').  The agreement's signature page shows the 'seller' as Awstin Investments, LLC through its sole member MidCoast Acquisitions.  Bernstein signed the agreement as president of MidCoast Acquisitions.  Bernstein also signs as president of MidCoast Credit Corp.  Lastly, the agreement lists the 'company' as Awstin Worldwide Communications, Inc., and once again Michael Bernstein signed as president."

1. Sentence 1

Defendants object that Affiant only makes a generic reference to MidCoast, and that the statement is impermissibly vague and not readily controvertible.  The objections are overruled.  It is clear from the context of the affidavit that MidCoast refers to all three entities.  The statement moreover, is not vague and does not contain impermissible factual conclusions.

2. Sentence 2

Defendants object that the statement is inadmissible hearsay because it is referencing a document, and that even if nor hearsay, the document itself is generally the only admissible evidence of its contents.   The statement is not hearsay because it only alleges that IRS showed Affiant the document and does not purport to prove its contents.  Additionally, Affiant has attached the document to his affidavit.  The objections to the second sentence are therefore overruled.

3.  <u>Sentences 3-5</u>

Defendants object that the statement is inadmissible hearsay because it is referencing, quoting, and paraphrasing a document, and that even if not hearsay, the document itself is generally the only admissible evidence of its contents.   The document at issue appears to be a share purchase agreement between Wilder Capital Holdings and Awstin Investments.   The agreement's signature page shows that Bernstein signed as president for MidCoast Acquisitions as sole member of Awstin Investments, as president for MidCoast Credit, and as president for Awstin Worldwide.   As a verbal act, a contract itself is not hearsay.   *See Kepner-Tregoe*, 12 F.3d at 540.   Moreover, any reference to, or a quotation or a paraphrase from, a statement made by Bernstein in the contract is not hearsay because the statement is an admission of a party opponent.   Fed. R. Evid. 801(d)(2).   Further, Affiant has attached a copy of the agreement to his affidavit as Exhibit E.

4.  <u>Exhibit E</u>

Defendants further object that the attached agreement is hearsay, is inadmissible under the best evidence rule, and is unauthenticated.   As stated, the agreement itself is verbal conduct and is not hearsay, and any statement offered from it is an admission of a party opponent.   Additionally, the duplicate of the agreement is sufficient to satisfy the best evidence rule.   *See* Fed. R. Evid. 1002 & 1003.   Finally, there is sufficient evidence of authentication.   Affiant testifies that he received a copy of the agreement during an interview with the IRS, the agreement appears to be signed by or on behalf of Defendants, and Defendants do not allege that the document was fabricated, altered, or manipulated.   The objections to Exhibit E are therefore overruled.

**O.  Paragraph 20**

Paragraph 20 of the agreement states: "I was made aware of a promissory note that was

21

executed the same day as the agreement for the sale of Awstin WW to Wilder.  The note for $2,985,165.09 was between Awstin Investments, LLC as 'borrower' and Awstin World-Wide Communications, Inc, a Texas Corporation as 'lender.'  ('Exhibit F', attached and incorporated by reference).  This notice was received in connection with the Transferee Report, dated April 8, 2010. Along with other information not previously disclosed or made know[n] to me.  Bernstein signed the note as president for MidCoast Acquisitions Corp., the sole member of Awstin Investments. Interestingly, Bernstein also signed as president of MidCoast Credit Corp., as the guarantor of the note."

1.  Sentence 1

Defendants object that the statement is inadmissible hearsay and that Affiant does not provide a proper factual predicate to demonstrate that he has personal knowledge of the promissory note.  As an out-of-court statement offered to prove the truth of the matter asserted, the statement is hearsay.  *See* Fed. R. Evid. 801.  The hearsay objection is sustained and the objection to the lack of personal knowledge is overruled as moot.

2.  Sentence 2

Defendants object that any statement quoting, phrasing, or referring to a document is inadmissible hearsay, and that even if not hearsay, the document itself is the only admissible evidence of its content.  Because the document constitutes verbal conduct, any reference to, or quotation or paraphrase from, the document is not hearsay.  *See KWP Financial I, Inc. v. Harlan*, 100 F.3d 953, 953 (5th Cir. 1996) (per curiam) (a promissory note is verbal conduct which falls outside the prescription against hearsay).  Additionally, Affiant has attached a copy of the promissory note as Exhibit F.  The objections to the second sentence are overruled.

3.  Exhibit F

Defendants object that Exhibit F, which is the copy of the promissory note, is inadmissible hearsay, violates the best evidence rule, and is not authenticated.  As verbal conduct, the promissory note is not hearsay.  *Harlan*, 100 F.3d at 953.  Additionally, a duplicate is sufficient to satisfy the best evidence rule.  *See* Fed. R. Evid. 1002 & 1003.  Finally, as commercial paper, the promissory note is a self-authenticating document and no additional evidence of its authentication is required. *See* Fed. R. Evid. 902 (stating that extrinsic evidence is not required to demonstrate the authenticity of "[c]ommercial paper, signatures thereon, and documents relating thereto to the extent provided by general commercial law"); *see also In re Cook*, 457 F.3d 561, 566 (6th Cir. 2006) (as commercial paper, a promissory note is self-authenticating).

4.  Sentences 3-4

Defendants make several objections to these sentences.  However, since the statements contained in them have not been considered, any objections to them are overruled as moot.

5.  Sentence 5

Defendants object that the any reference to, or quotation or paraphrase from, the promissory note is inadmissible hearsay, and even if not hearsay, the document itself is generally the only admissible evidence of its contents.  As discussed, the promissory note is not hearsay because it is verbal conduct.  *See Harlan*, 100 F.3d at 953.  Additionally, a copy of the note has been attached as Exhibit F.  Defendants objections are therefore overruled.

**P.  Paragraph 21**

Paragraph 21 of the affidavit states: "These documents from the IRS coupled with information that I have received regarding other similar cases filed against MidCoast entities, and

Bernstein, prove that the Defendants in this lawsuit never had any intention of fulfilling their obligations under the SPA.  We relied on MidCoast's representations and then failed to disclose that they planned to sell Awstin WW to a known tax shelter promoter.  Defendants also failed to tell us that the Deferred Taxes were indeed not paid."

Since these statements have not been considered in the context of the motion to dismiss, the objections to them are overruled as moot.

### III.  CONCLUSION

Defendants' motion to strike is **GRANTED**, in part, and **DENIED**, in part.

**SO ORDERED** on this 7th day of October, 2011.


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

24