**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ADONAI COMMUNICATIONS, LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-2642-L |
| | § | |
| **AWSTIN INVESTMENTS, LLC, et. al.,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the order of reference dated June 3, 2011, before the Court for determination is *Plaintiff Adonai Communications, Ltd.'s Motion to Take Judicial Notice of Facts*, filed May 5, 2011(doc. 25). Based on the relevant filings, evidence, and applicable law, the motion is **DENIED**.

## I. BACKGROUND

On December 28, 2010, Adonai Communications, Ltd. (Plaintiff) filed this lawsuit against Michael Bernstein; Awstin Investments, L.L.C.; Premium Acquisitions, Inc., formerly known as MidCoast Acquisitions Corp.; Premium Investors, Inc., formerly known as MidCoast Investments, Inc.; MDC Credit Corp. formerly known as MidCoast Credit Corp.; Shorewood Associates, Inc.; and Shorewood Holdings Corp. It asserted claims for breach of contract, common law fraud, statutory fraud, fraud by non-disclosure, and negligent misrepresentation, and sought indemnification and a judicial declaration of its rights and duties under the agreement. On April 6, 2011, Bernstein, Premium Acquisition, Premium Investors, Shorewood Associates, and Sherwood Holdings filed a motion to dismiss for lack of personal jurisdiction. On May 4, 2011, Plaintiff filed its response to the motion. The following day Plaintiff filed this motion seeking the court to take judicial notice of facts pursuant to Fed. R. Evid. 201. The motion is now ripe for determination.

## II. ANALYSIS

Plaintiff seeks the court to take judicial notice of the existence and status of the other lawsuits and proceedings against one or more of the defendants in this case or one or more of their affiliated entities. It also requests the court to take notice of the orders and holdings issued by other courts and tribunals not for the facts or the legal basis of such holdings, but for the effect of their rulings on the status or disposition of the case, claims, or parties.

A court has authority to take judicial notice of adjudicative facts. *See* Fed. R. Evid. 201(a). Judicial notice may be taken of any fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *CleanCOALition v. TXU Power*, 536 F.3d 469, 471 n.2 (5th Cir. 2008) (citing Fed. R. Evid. 201(b)). Even if Plaintiff could meet these requirements, it has not identified the specific facts, documents, filings, motions, pleadings, or orders it wishes the court to take judicial notice of, or the specific purpose for doing so. The court therefore declines to take judicial notice as requested.

## III. CONCLUSION

Plaintiff's motion to take judicial notice of facts is **DENIED**.

**SO ORDERED** on this 7th day of October, 2011.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2