IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ADONAI COMMUNICATIONS, LTD.**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | **Civil Action No. 3:10-CV-2642-L** |
| | § | |
| **AWSTIN INVESTMENTS, L.L.C., et al.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Default Judgment, filed January 6, 2012.  After consideration of the motion, brief, record, and applicable law, the court **grants** Plaintiff's Motion for Default Judgment to the extent herein stated.

## I.      Background

This action arises out of an alleged breach of contract involving Adonai Communications, Ltd.'s ("Plaintiff" or "Adonai") sale of its shares in Awstin Worldwide Communications, Ltd. to Awstin Investments, L.L.C. ("Awstin Investments").  Plaintiff sues an individual named Michael Bernstein ("Bernstein"); Awstin Investments, a Delaware limited liability company; and five Florida Corporations – Shorewood Holdings Corp.; Shorewood Associates, Inc.; Premium Acquisitions, Inc., formerly known as MidCoast Acquisitions Corp.; MDC Credit Corp., formerly known as MidCoast Credit Corp.; and Premium Investors, Inc., formerly known as MidCoast Investments, Inc. Plaintiff contends that a labyrinth of Florida entities, led by Bernstein, promised to indemnify it and pay outstanding tax obligations as part of the share-purchase agreement at issue, but had no intention of fulfilling that promise.  Plaintiff asserts claims for breach of contract, negligent misrepresentation,

**Memorandum Opinion and Order – Page 1**

statutory fraud, common-law fraud, and fraud by nondisclosure, and it seeks indemnification and a judicial declaration of its rights and duties under the share purchase agreement.

Defendants Awstin Investments and MDC Credit Corp. were properly served on January 14, 2011, and timely filed a joint answer to Plaintiff's Original Complaint on February 4, 2011. Adonai filed Plaintiff's First Amended Complaint on April 5, 2011. Defendants Awstin Investments and MDC Credit Corp. jointly filed their First Amended Answer on April 18, 2011.

Defendants Michael Bernstein, Shorewood Holdings Corp., Shorewood Associates, Inc., Premium Acquisitions, Inc., and Premium Investors, Inc.[*] (collectively, "March-served Defendants") were separately and properly served through substitute service at the home of Michael Bernstein on March 17, 2011. The March-served Defendants collectively filed a Motion to Dismiss Original Complaint and First Amended Complaint on April 6, 2011. On October 7, 2011, Magistrate Judge Ramirez issued her Findings, Conclusions, and Recommendation ("Report"), recommending that the March-served Defendants' motion to dismiss be denied. On December 7, 2011, this court issued an order accepting the Report and denying the Motion to Dismiss Original Complaint and First Amended Complaint. The March-served Defendants have not filed an answer to Plaintiff's Original Complaint or First Amended Complaint, or otherwise defended in this lawsuit.

On July 18, 2011, James Welch, counsel of record for all defendants, withdrew from the case with the consent of Bernstein. In the order granting the withdrawal, issued July 27, 2011, the court

---

[*]Plaintiff's Original Complaint Lists Premium Investments, Inc., f/k/a MidCoast Investments, Inc. as a party in the caption. Plaintiff's First Amended Complaint lists Premium Investors, Inc., f/k/a MidCoast Investments, Inc. as a party in the caption. The affidavit of service, filed April 5, 2011, shows that Premium Investors, Inc., f/k/a MidCoast Investments, Inc. was served with Plaintiff's Original Complaint. Although, Premium Investors, Inc., was not listed as a party in the caption of Plaintiff's Original Complaint, it was listed as a party in Section III, ¶ 10. Accordingly, the court finds that Defendant Premium Investors, Inc., f/k/a MidCoast Investments, Inc., received noticed that it was being sued by Plaintiff and was properly served.

**Memorandum Opinion and Order – Page 2**

ordered all defendants to obtain new counsel by August 26, 2011.  To date, there has been no entry

of an appearance by new counsel for any of the defendants.  Plaintiff requested the clerk to issue

entry of default on January 6, 2012, and default was entered by the clerk on January 9, 2012.

Plaintiff now requests entry of default judgment against all defendants for the amount of the tax

liability, together with interest, penalties, and fees thereon.  Plaintiff further requests attorney's fees

and costs.

## II.    Analysis

The court finds that because the March-served Defendants have neither filed an answer to

Plaintiff's Original Complaint or First Amended Complaint nor otherwise defended in this lawsuit,

and because these defendants are not infants, incompetent or in the military, Plaintiff is entitled to

judgment against the March-served Defendants.   The court finds that the March-served Defendants'

awareness of this suit is demonstrated by their filing of a motion to dismiss.  While the filing of the

motion to dismiss constitutes an appearance, the March-served Defendants have taken no further

action.  The court therefore accepts as true the well-pleaded allegations stated by Plaintiff in its First

Amended Complaint and the facts set forth in Plaintiff's evidence in support of its Motion for

Default Judgment.

The court declines, at this time, to grant Plaintiff's Motion for Default Judgment against

Defendants Awstin Investments and MDC Credit Corp.  Although they have not obtained new

counsel as required by the court, Defendants Awstin Investments and MDC Credit Corp. timely filed

a joint answer to Plaintiff's Complaint on February 4, 2011, and jointly filed their First Amended

Answer to Plaintiff's First Amended Complaint on April 18, 2011.

## A.    Damages

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability.  But it does not establish the amount of damages."  *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2nd Cir. 1971)), *rev'd on other grounds*, 409 U.S. 363 (1973); *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980)).  The court is unable to determine the amount of damages because Plaintiff provides insufficient information to determine the accuracy and reasonableness of the amount requested.  Plaintiff estimates that the deferred tax liability for which the IRS states it is liable, together with the interest, penalties, and fees thereon, plus additional interest and other amounts accruing thereafter, attorney's fees and other court costs, as of the date of the filing of its motion for default judgment total $2,563,235.49.  Plaintiff has not stated how the interest, penalties, or fees are calculated or the basis therefor.  Accordingly, Plaintiff is **instructed** to supplement its motion for default judgment with information for the court to make the proper determination as to the amount of damages, interest, penalties, and fees.

## B.    Costs and Attorney's Fees

Plaintiff also seeks the collection of attorney's fees and costs.  Plaintiff provides the hourly rates for each attorney that apparently worked on this case; however, Plaintiff provides no breakdown as to the number of hours performed by each attorney or any description of the work performed by the attorneys.  Accordingly, Plaintiff is **instructed** to supplement its motion for default judgment with a detailed description of the attorney's fees and costs incurred.

### III.     Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Motion for Default Judgment against Defendants Michael Bernstein, Shorewood Holdings Corp., Shorewood Associates, Inc., Premium Acquisitions, Inc., and Premium Investors, Inc. **with respect to liability**.   The court, however, is unable to determine the proper amount of damages and other relief sought because the record is not sufficiently developed.   Plaintiff is **instructed** to supplement its motion for default judgment with information for the court to make the proper determination as to the amount of damages, interest, penalties, fees, and costs by **February 28, 2012.**  In its supplement, Plaintiff must set forth the amount of damages (separately delineating the amount of  the deferred tax liability, interest, penalties, and fees thereon), attorney's fees, and costs requested and the bases for the reasonableness of the amount requested.  If this information is not provided, the court will deny Plaintiff's request for damages, attorney's fees, and costs.  In accordance with Rule 58 of the Federal Rules of Civil Procedure, judgment will issue by separate document.

The court **withholds** its ruling on Plaintiff's Motion for Default Judgment against Defendants Awstin Investments and MDC Credit Corp.  The court will issue a separate order requiring Defendants Awstin Investments and MDC Credit Corp. to obtain new counsel or otherwise suffer default.

**It is so ordered** this 17th day of February, 2012.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 5**