IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ADONAI COMMUNICATIONS, LTD.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Action No. 3:10-CV-2642-L** |
| | § | |
| **AWSTIN INVESTMENTS, L.L.C., et al.,** | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Plaintiff's Motion for Default Judgment, filed January 6, 2012. After consideration of the motion, brief, record, and applicable law, the court **grants** Plaintiff's Motion for Default Judgment as to Defendants Awstin Investments, L.L.C. ("Awstin Investments") and MDC Credit Corp.

## I.   Background

In its order dated February 17, 2012, the court granted Plaintiff's Motion for Default Judgment against Defendants Michael Bernstein; Shorewood Holdings Corp.; Shorewood Associates, Inc.; Premium Acquisitions, Inc., formerly known as MidCoast Acquisitions Corp.; and Premium Investors, Inc., formerly known as MidCoast Investments, Inc. (collectively, "March-served Defendants") with respect to liability only. The court determined that the March-served Defendants were separately and properly served on March 17, 2011, but had not filed an answer to Plaintiff's Original Complaint or First Amended Complaint, or otherwise defended in the lawsuit.

Plaintiff asserted in its Motion for Default Judgment that all defendants failed to obtain new counsel as required by the court's order of July 27, 2011. Plaintiff urged the court to enter judgment

against all defendants on this basis in addition to the failure of some defendants to file an answer or otherwise defend.  In its February 17, 2012 order, the court withheld its ruling on Plaintiff's Motion for Default Judgment against Defendants Awstin Investments and MDC Credit Corp. (collectively, the "January-served" Defendants).  The court determined that the January-served Defendants were separately and properly served on January 14, 2011.  The court also determined that the January-served Defendants timely filed a joint answer to Plaintiff's Original Complaint on February 4, 2011, and Plaintiff's First Amended Complaint on April 18, 2011.  The court issued a separate order that same day requiring the January-served Defendants to obtain new counsel or otherwise suffer default.

## II.     Analysis

On July 27, 2011, the court granted the motion to withdraw and amended motion to withdraw filed by counsel for all defendants.  The court ordered all defendants to obtain new counsel by August 26, 2011.  None of the defendants appointed new counsel.  After granting Plaintiff's Motion for Default Judgment against the March-served Defendants, on February 17, 2012, the court issued an order that same day instructing the January-served Defendants to obtain new counsel by February 28, 2012.  The court required the January-served Defendants to cause counsel to enter a written appearance with the clerk of the court and warned that failure to do so would result in their Original Answer and First Amended Answer being stricken without further prior notice and the court's entry of a default judgment.

As the court noted in its February 17, 2012 order, in federal court, a corporation is not permitted to proceed *pro se*.  "The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'"  *Donovan v. Road Rangers Country Junction, Inc.,* 736

F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)).  When a corporation declines to hire counsel to represent it, the court may properly dismiss its claims, if it is a plaintiff, or strike its defenses, if it is a defendant.  *See id.*  (holding district court properly struck defenses of corporate defendant who declined to hire counsel).

"[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). "The  [court] might, *inter alia*, admonish the corporation that it cannot proceed without counsel, order the corporation to retain counsel within a certain period of time (the appropriate amount of time also being within the judge's discretion), or dismiss the case without prejudice and allow the corporation to re-file." *Id.*  at 873, n.4.  In *Memon*, the court found that dismissal with prejudice was too  extreme a sanction under the circumstances of the case.  The court noted that "in virtually every case in which a district court dismissed the claims (or struck the pleadings) of a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so before dismissing the case." The court found, in *Memon*, that the district judge never admonished Memon Corp. that it was required to hire an attorney (or ordered it to do so) before he dismissed the case with prejudice. *Id.*  at 874.

Other courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel.  *See PalWeb Corp. v. Vimonta AG,* 2003 WL 21992488, at * 1 (N.D. Tex. Aug. 19, 2003) (entering a final judgment against the defendant, a Swiss company, and finding that the defendant had been validly served; that the defendant entered its appearance through counsel; that counsel was allowed to withdraw by order of the court; that the

court ordered the defendant to obtain substitute counsel (licensed to practice in the court's jurisdiction) on two occasions; and that no attorney licensed to practice in the jurisdiction had entered an appearance on the defendant's behalf; and that defendant was therefore in default.) *See also Mount Vernon Fire Ins. Co. v. Obodoechina*, 2009 WL 424326, at *1 (S.D. Tex. Feb. 19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.")

The court issued two orders instructing the January-served Defendants to obtain new counsel. In the latter order, the court admonished them that failure to obtain counsel would cause them to suffer default. To date, the January-served Defendants have not obtained new counsel. Thus, they remain unrepresented by counsel and have failed to comply with two court orders. Accordingly, the court **will strike** the Original Answer and First Amended Answer filed by Defendants Austin Investments and MDC Credit Corp. The court also determines that default judgment is appropriate and **will grant** Plaintiff's Motion for Default Judgment against Defendants Austin Investments and MDC Credit Corp.

There is no question that Plaintiff has incurred damages. Plaintiff and Defendants entered into a Share Purchase Agreement ("Agreement") on March 24, 2004. Under the terms of the Agreement, Defendant MidCoast Investments, Inc., now known as Premium Investors, Inc., assumed the tax liabilities of Awstin Worldwide Communications, Ltd. ("Awstin Worldwide"), of which Adonai Communications owned 82.5%. The Internal Revenue Service is now holding Adonai Communications liable for a tax defeiciency for Awstin Worldwide's fiscal year ending February 28, 2005, in addition to penalties, fees, and interest thereon.

Under the Agreement, Defendants were required to pay the federal income taxes liabilities of Awstin Worldwide for the fiscal year ending February 28, 2005 (the "Deferred Tax Liability"). *See* Agreement, Section 4.4 [Doc. # 1-1 at 9].   Defendants breached this Agreement by failing to pay the Deferred Tax Liability.   Further, the Agreement states that Defendants were required to indemnify Plaintiffs (the sellers of Awstin Worldwide) "against any and all claims, damages, losses, deficiencies or Liabilities, including reasonable legal fees and expenses" that result from any breach of the Agreement.   *See* Agreement, Section 6.2 [Doc. # 1-1 at 13].   As a result of Defendants' breach of the Agreement, Plaintiff was required to file and prosecute this lawsuit, which has caused Plaintiff to incur damages and attorney's fees.   The court will separately address the issue of damages, costs, and attorney's fees.

## III. Conclusion

For the reasons herein stated, the court **strikes** the Original Answer and First Amended Answer filed by Defendants Austin Investments and MDC Credit Corp.   The court also **grants** Plaintiff's Motion for Default Judgment against Defendants Austin Investments and MDC Credit Corp.   In accordance with Rule 58 of the Federal Rules of Civil Procedure, judgment will issue by separate document.

**It is so ordered** this 16th day of March, 2012.

Sam A. Lindsay
United States District Judge