IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ADONAI COMMUNICATIONS, LTD.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Action No. 3:10-CV-2642-L** |
| | § | |
| **AWSTIN INVESTMENTS, L.L.C.,** | § | |
| **PREMIUM ACQUISITIONS, INC. f/k/a** | § | |
| **MIDCOAST ACQUISITIONS CORP.,** | § | |
| **MDC CREDIT CORP. f/k/a** | § | |
| **MIDCOAST CREDIT CORPORATION,** | § | |
| **PREMIUM INVESTORS, INC., f/k/a** | § | |
| **MIDCOAST INVESTMENTS, INC.,** | § | |
| **SHOREWOOD ASSOCIATES, INC.,** | § | |
| **SHOREWOOD HOLDINGS CORP., and** | § | |
| **MICHAEL BERNSTEIN, individually,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Adonai Communications, Ltd.'s ("Adonai" or "Plaintiff")

Motion to Reform and Finalize Judgment (Doc. 70), filed April 28, 2017. Having reviewed the

motion, brief, and appendix filed in support of the motion,[1] Plaintiff's Supplement to its Motion to

Reform and Finalize Judgment (Doc. 75), filed November 16, 2017, record, and applicable law, and

for the reasons set forth below, the court **grants in part** and **denies in part** Adonai's Motion to

Reform and Finalize Judgment (Doc. 70).

---

[1] The appendix in support of the Motion to Reform and Finalize Judgment includes: the Affidavit of Dr. Nathaniel Graves (Pl.'s App. at Ex. A), as well as the attachments to Dr. Graves's Affidavit (*see* Exs. A1 through A6); the Affidavit of counsel of record, Christopher S. Ayres (Pl.'s App. at Ex. B); the Affidavit of Michael J. Napoleone (*id.* at Ex. C);and the Affidavit of G. Tomas Rhodus (*id.* at Ex. D).

## I.    Background

This action arose out of an alleged breach of contract involving Adonai's sale of its shares in Awstin Worldwide Communications, Ltd. ("Awstin Worldwide") to Awstin Investments, LLC ("Awstin Investments") pursuant to a Share Purchase Agreement ("Agreement").  On December 10, 2010, Adonai sued an individual named Michael Bernstein ("Bernstein"); Shorewood Holdings Corp.; Shorewood Associates, Inc.; Premium Acquisitions, Inc., formerly known as MidCoast Acquisitions Corp.; Premium Investors, Inc., formerly known as MidCoast Investments, Inc.; Awstin Investments; and MDC Credit Corp., formerly known as MidCoast Credit Corporation (collectively, "Defendants").  On April 5, 2011, Adonai filed its First Amended Complaint, asserting claims for breach of contract, negligent misrepresentation, statutory fraud, common law fraud, and fraud by nondisclosure, and sought indemnification as well as a judicial declaration of its rights and duties under the Agreement. *See* First Am. Comp. (Doc. 11).  Adonai alleged that Bernstein and the other Defendants promised to indemnify it and pay outstanding tax obligations as part of the Agreement with no intention of fulfilling their promise.  Adonai alleged that Defendants' breach of the obligation to indemnify it and pay outstanding tax obligations resulted in the Internal Revenue Service ("IRS") pursuing it and seeking several million in taxes that it did not owe.

On January 6, 2012, Adonai filed its Motion for Entry of Default and for Default Judgment (Doc. 52).  On January 9, 2012, the clerk of court granted Adonai's request for entry of default against Defendants.  The court thereafter granted Adonai's motion for default judgment, and directed Adonai to supplement the record to assist the court with determining its damages. Adonai provided the court with the supplemental information. On April 30, 2012, after considering the supplemental information, the court issued an order granting Adonai's request for attorney's fees and costs

incurred in connection with prosecuting the lawsuit but denied as premature its request for damages

arising from the ongoing tax protest litigation it had filed with the IRS. The court stated:

> Under the terms of the Agreement, Defendant MidCoast Investments, Inc., now known as Premium Investors, Inc., assumed the tax liabilities of Awstin Worldwide [], of which Adonai owned 82.5%. The Internal Revenue Service is now holding Adonai [] liable for a tax deficiency for Awstin Worldwide's fiscal year ending February 28, 2005, in addition to penalties, fees, and interest thereon. Plaintiff filed a tax protest to protect its rights. Plaintiff states that it incurred consequential, out-of-pocket damages of $190,932.26 as a result of the tax proceedings and requests that the court award this amount as damages incurred to date.
>
> The Agreement states that Defendants were required to indemnify Plaintiff[] (the seller[] of Awstin Worldwide) "against any and all claims, damages, losses, deficiencies, or liabilities, including reasonable legal fees and expenses" that result from any breach of the Agreement. *See* Agreement, Section 6.2 [Doc. #1-1 at 13]. Plaintiff, however, has not cited, and this court has not found on its own, any cases establishing the court's authority to grant an interim award of damages or attorney's fees under facts that are identical or similar to those of this case . . . *The fees and costs incurred as a result of the ongoing tax protest are not final, and the court declines to make an interim award of damages without further authority.*

Order 1-2 (Doc. 64) (emphasis added). That same day, the court issued a Judgment limited to

liability, and awarded attorney's fees and costs incurred through January 30, 2012, in the amount of

$52,975.50, and instructed the clerk of court to administratively close the case pending completion

of the tax protest litigation:

> [F]or the reasons stated in its order of April 30, 2012, the court **administratively closes** this action to the extent it relates to damages Adonai seeks as a result of filing the tax protest litigation. Adonai's claim for damages will be addressed and determined once it can provide the court with a reasonable degree of certainty as to the amount of damages that it has suffered as a result of filing the related tax protest litigation.

Judgment 2 (Doc. 65).

On April 11, 2017, the court reopened this matter after Adonai informed it that the tax protest

litigation was complete. The court directed Adonai to file the appropriate motion for the relief it

sought on or before April 28, 2017.  On April 28, 2017, Adonai filed its Motion to Reform and Finalize Judgment (Doc. 70).  In the course of considering Adonai's motion, the court noted that Adonai had miscalculated the total amount paid to the IRS and failed to establish conclusively that it was entitled to damages, as the record reflected that its principal, Dr. Graves, had paid the IRS debt.  In that vein, on November 3, 2017, the court issued an order instructing Adonai to file a supplement to its motion addressing these deficiencies.  On November 16, 2017, Adonai filed Plaintiff's Supplement to its Motion to Reform and Finalize Judgment ("Supplement") (Doc. 75).  In its Supplement, Adonai corrected its previous mathematical errors and provided the court with the additional information requested.

## II.      Analysis

As the court has already reached its decision as to liability and awarded Adonai its attorney's fees and costs incurred in connection with prosecuting the lawsuit through January 30, 2012, in the amount of $52,976.50, *see supra*, the only remaining issue is the amount of damages to award Adonai in connection with the tax protest litigation and the amount of any additional attorney's fees incurred between January 30, 2012, and the date of this decision.

The appropriate measure of damages is a question of law.  Under Texas law, actual damages may be either "direct" or "consequential."  *Cherokee Cty. Cogeneration Partners, L.P. v. Dynegy Mktg. & Trade*, 305 S.W.3d 309, 314 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 816 (Tex. 1997)). "Actual damages" and "compensatory damages" are synonymous terms. *DaimlerChrysler Motors Co., LLC v. Manuel*, 362 S.W.3d 160, 185 n.25 (Tex. App.—Fort Worth 2012, no pet.) (collecting authority).  Direct damages are those inherent in the nature of the breach of the obligation between the parties, and they

compensate a plaintiff for a loss that is conclusively presumed to have been foreseen by the defendant as a usual and necessary consequence of the defendant's act. *Arthur Andersen & Co.*, 945 S.W.2d at 816. Consequential damages, in contrast, "need not be the usual result of the wrong, but must be foreseeable, and must be directly traceable to the wrongful act and result from it." *Id.* (internal citation omitted).

Adonai seeks to recover direct and consequential damages as a result of Defendants' breach of the Agreement. *See* Pl.'s Br. in Supp. of Mot. for Default Judg. (Doc. 52). Specifically, Adonai seeks to recover damages in connection with the tax protest litigation in the amount of $244,061 for the tax liability incurred and $134,617.65 in interest on the tax liability (for a total of $378,678.65). In addition to this sum, Adonai seeks to recover: the sum of $239,248.43 in what it labels "attorney's fees as damages"; the sum of $128,690.10 for the 2015 federal income taxes incurred when Dr. Graves had to withdraw money from his retirement account to pay the IRS; and the sum of $8,500 for attorney's fees in this proceeding in addition to those awarded through January 30, 2012. Adonai also asks the court to award it $261,316.01 for anticipated future legal fees associated with recovery of the judgment, once issued (which fee is 35% of total damages), as well as $50,000 for the anticipated cost of having to hire a private investigator for the purpose of identifying and locating attachable assets. The court will consider these items in turn.

A.      Tax Liability and Interest

Adonai seeks to recover damages in the amount of $244,061 for the tax liability incurred and $134,617.65 in interest paid on the tax liability (for a total of $378,678.65). The record includes a March 30, 2015 Decision from the United States Tax Court in the matter of *Nathan L. Graves, Transferee v. Commissioner of Internal Revenue*, Docket No. 26619-12, which provides:

Pursuant to the agreement of the parties in this case, it is

ORDERED AND DECIDED: That there is a liability in the amount of $244,061.00, plus interest thereon as provided under I.R.C. § 6601(a) from May 16, 2005, to the date such liability is paid, due from petitioner [Nathan L. Graves], as transferee of assets of Awstin World-wide Communications, Inc., transferor, for the unpaid income tax deficiency of the transferor for its taxable year ending February 28, 2005.

Pl.'s App. in Supp. of Mot. to Reform and Finalize J. at 10 ("Pl.'s Orig. App."). Dr. Graves, a

primary partner at Adonai, entered into an Agreement with the IRS in full settlement of its claims

against Dr. Graves and Adonai whereby he paid the IRS the sum of $244,061 plus interest thereon,

such that Adonai would owe nothing to the IRS. *See* Agreement and Assignment at 1, ¶¶ 7-8 (Doc.

75-1). The Agreement and Assignment also provides, in relevant part, that: "Adonai agrees that it

is liable [for] reimbursement of Dr. Graves for the taxes and interest he paid to the IRS which

secured its release of liability from any taxes and interest, under the doctrine of equitable

subordination." *Id.* at 2, ¶ 1 (Doc. 75-1). It further provides that Dr. Graves, "assigns any and all

rights, title and causes of action that he may have that in any way surround his payment of tax

liabilities or interest of Adonai, arising from, or in any way associated with that case styled *Adonai*

*Communications Ltd. v. Awstin Investments LLC, et al.*, No. 3:10-CV-2642-L (U.S. Dist. Ct., N.D.

Tex.) to Adonai, since his status is only that of a mere subrogated partner." *Id.* ¶ 2. Based on the

Assignment and Agreement, as well as the Affidavit of Dr. Graves (Pl.'s Orig. App., Ex. A) and

Affidavit of G. Tomas Rhodus (*id.* at Ex. D),[2] the court is satisfied that Adonai owns the right, title

and interest as to the payments made to the IRS and the associated claims for recoupment. The

___

[2] In his Affidavit, Mr. Rhodus explains that because Adonai itself owed the amounts that Dr. Graves paid, as it was jointly and severally liable to the IRS for the taxes, penalties, and interest owed by Awstin Communications, Ltd. as transferee, it is responsible to repay Dr. Graves for all sums paid, as it owed the sums paid by Dr. Graves on its behalf. Pl.'s Orig. App., Ex. D (Aff. of G. Tomas Rhodus ¶¶ 11-12).

court concludes, on the record before the court, that Adonai is entitled to recover $244,061 for the tax liability incurred and $134,617.65 in interest paid on the tax liability (for a total of $378,678.65) as damages arising from Defendants' breach of the Agreement.

## B. Attorney's Fees as Damages

Adonai also seeks to recover the sum of $239,248.43 for what it labels as "attorney's fees as damages." This amount includes costs incurred for Baker Botts's legal services in filing and prosecuting the tax protest from February 2010 through September 2010 in the amount $175,932.26 (Pl.'s Orig. App., Ex. A, ¶ 5 and Ex. 5 thereto (redacted invoices)), and costs incurred for Mr. Rhodus's services as tax counsel in connection with the tax protest litigation from December 8, 2011, to June 25, 2015, in the amount of $63,316.17. *See id.* at Ex. A, ¶ 6 and Ex. 6 thereto (redacted invoices). For the reasons that follow, and on the record before it, the court concludes that Adonai has failed to establish it is entitled to recover these amounts as damages.

In support of its motion to recover the sum of $239,248.43 for fees paid to Baker Botts and Mr. Rhodus, Adonai argues that Texas courts recognize that "attorney's fees may be compensation for an underlying harm (such as litigation with a third party), and are recoverable as damages because they constitute an independent ground of recovery." Mot. 5.

Texas law provides for attorney's fees as damages in certain instances. As summarized by one district court judge in the Northern District of Texas:

> There are cases when attorneys' fees can be recovered as damages. For example, in *Donnelly v. Young,* 471 S.W.2d 888 (Tex. Civ. App.—Fort Worth 1971, writ ref'd n.r.e.), attorneys' fees were recoverable as damages when they were incurred by the plaintiff as an expense of obtaining title from a third party to whom defendants had wrongfully transferred title to plaintiff's property. The attorneys' fees were not incurred in the litigation between the parties to *Donnelly* but in connection with litigation between plaintiff and a third party to recover title to the property.

*Heliflight, Inc. v. Bell/Agusta Aerospace Co. LLC*, 2007 WL 4373259, at *1 (N.D. Tex. Dec. 12, 2007) (McBryde, J.); *see also American Home Assurance Co. v. United Space Alliance,* 378 F.3d 482, 490 (5th Cir. 2004) ("Texas courts have held that attorney's fees incurred involving litigation with a third party are recoverable as damages.") (citations omitted).  In *American Home Assurance,* the Fifth Circuit also made clear, however, that "these court have also held that attorney's fees sought to be recovered as damages must be reasonable and necessary." *Id.* (citations omitted).  The court stated:

> To show reasonableness and necessity of attorney's fees incurred, Texas courts have generally held that a party seeking such fees must offer the testimony of a witness who has been designated as an expert . . ., or at the very least, some testimony by the claimant's attorney that the fees being sought as damages are reasonable.

 *Id.* (internal citations omitted).

Adonai has failed to provide the court with any testimony or evidence that the amount of fees it paid Baker Botts and Mr. Rhodus was reasonable and necessary.  Absent any evidence or testimony regarding the reasonableness or necessity of these fees, the court concludes that Adonai is not entitled to recover these amounts. *See Am. Home Assurance  Co.,* 378 F.3d at 490.

C.      **Additional Tax Liabilities for Withdrawals from Retirement Account**

Adonai seeks to recover as damages the sum of $128,690.10 for the 2015 federal income taxes incurred by Dr. Graves when he had to withdraw money from his retirement account to satisfy the IRS debt.  Dr. Graves has submitted an affidavit testifying he suffered this loss.  The court concludes that Adonai is not entitled to recover this amount, as it is does not fall within the category of either actual or consequential damages.

As previously stated, actual or direct damages are those inherent in the nature of the breach of the obligation between the parties, and they compensate a plaintiff for a loss that is conclusively

presumed to have been foreseen by the defendant as a usual and necessary consequence of the defendant's act. *Arthur Andersen & Co.*, 945 S.W.2d at 816. Consequential damages, in contrast, "need not be the usual result of the wrong, but must be foreseeable, and must be directly traceable to the wrongful act and result from it." *Id.* Here, that Dr. Graves would be required to withdraw money from his retirement account to satisfy the IRS debt and thereby incur a tax penalty in the sum of $128,690.10 is not a form of damages inherent in Defendants' breach of the Agreement; nor is it foreseeable and directly traceable to the breach. Accordingly, the court concludes that Adonai is not entitled to recover this amount as damages.

### D.    Attorney's Fees

Adonai seeks to recover amounts paid in attorney's fees in the amount of $8,500 pursuant to Texas Civil Practice and Remedies Code § 38.001(8). In support, Adonai submits the Affidavit of Mr. Ayres, who states that since the court's prior award of attorney's fees, he has expended approximately twenty hours working on this matter at a billable hourly rate of $425 per hour. *See* Pl.'s Orig. App. at Ex. D (Affidavit of Christopher S. Ayres). This court has already addressed Mr. Ayres' hourly rate in earlier decisions in this case and found it to be reasonable. *See* Order 3 (Doc. 64). The court incorporates its previous findings by reference. In addition, having reviewed Mr. Ayres's affidavit, and associated invoices, the court finds that the twenty hours expended was reasonable and necessary to litigate the remainder of this action, including preparing and filing a motion to reopen this matter and a motion to reform and finalize the judgment, as well as to coordinate matters with respect to the multiple affidavits filed in connection with the pending motion. At an hourly rate of $425 per hour, Adonai has incurred $8,500 in attorney's fees for Mr.

Ayres's services from January 31, 2012, to date ($425 x 20 hours = $8,500), which amount the court

determines is reasonable and necessary.

### E. Future Anticipated Fees and Costs

Adonai also seeks to recover as damages the sum of $261,316.01 for anticipated future legal

fees associated with recovery of the judgment once issued (which amount represents 35% of total

damages it seeks to recover), and $50,000 for the anticipated costs of hiring a qualified investigator

for the purpose of identifying and locating attachable assets. In support, Adonai submits the

Affidavit of Michael J. Napoleone, an attorney in Florida, who opines that these amounts will likely

be incurred in the future to collect on the judgment. Pl.'s Orig. App. at Ex. C (Affidavit of Michael

J. Napoleone). According to Mr. Napoleone, Mr. Ayres contacted him to review the case and offer

an opinion as to the terms under which a Florida law firm would undertake to domesticate and

collect on Adonai's anticipated judgment in this matter. Mr. Napoleone, taking into account the

risky nature of such a collection action, as well as his hourly rate and the number of hours needed

to domesticate and collect on such a judgment, states his opinion that a law firm taking this matter

on a contingency basis would charge a fee of no less than thirty-five percent of the total amount

collected. *Id.* ¶ 9. Adonai requests $261,316.01 based on its calculation of thirty-five percent of the

total amount it seeks to recover in damages, as well as an extra $50,000, which Mr. Napoleone stated

would be the amount a private investigator would charge to identify and locate attachable assets,

including those that may have been transferred to avoid creditors.

While the court has no doubt that Mr. Napoleone is qualified to opine generally on attorney's

fees, the court concludes that Adonai is not entitled to recover as damages these potential future

costs, as they are too speculative. As stated by the court in its January 31, 2012 Judgment as to

liability in this matter, "Adonai's claim for damages will be addressed and determined once it can provide the court with a *reasonable degree of certainty* as to the amount of damages that it has suffered as a result of filing the related tax protest litigation." Judgment 2 (Doc. 65) (emphasis added). Potential and estimated damages associated with possibly having to hire a private investigator and pay future attorney's fees to recover on a judgment are simply too speculative and outside the realm of damages Adonai can establish it suffered or will suffer with a reasonable degree of certainty. For these reasons, the court declines to award Adonai its future anticipated costs and fees.

## III. Conclusion

For the reasons herein stated, the court **grants in part** and **denies in part** Adonai's Motion to Reform and Finalize Judgment (Doc. 70). In addition to the attorney's fees and costs already awarded Adonai (*see* Judgment, Doc. 65), the court **grants** Adonai's motion insofar as it seeks damages in connection with the tax protest litigation in the amount of $244,061 for the tax liability incurred, and $134,617.65 in accrued interest already paid on the tax liability (for a total of $378,678.65), as well as $8,500 for attorney's fees incurred between January 31, 2012, and present. The court **denies** Adonai's motion insofar as it seeks the following as damages: $239,248.43 in attorney's fees as damages; $128,690.10 for the 2015 federal income taxes Dr. Graves paid on the retirement withdrawals; $261,316.01 for anticipated future legal fees associated with recovery of the judgment once issued (35% of total damages); and $50,000 for the anticipated costs of hiring a qualified investigator for the purpose of identifying and locating attachable assets. Adonai is entitled to its costs of court from January 31, 2012, to the date of this memorandum opinion and order.

In accordance with Rule 58 of the Federal Rules of Civil Procedure, the court will issue judgment in a separate document.

**So ordered** this 1st day of **December, 2017.**

Sam A. Lindsay
United States District Judge