IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ADONAI COMMUNICATIONS, LTD.**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | **Civil Action No. 3:10-CV-2642-L** |
| | § | |
| **AWSTIN INVESTMENTS, L.L.C.,** | § | |
| **PREMIUM ACQUISITIONS, INC. f/k/a** | § | |
| **MIDCOAST ACQUISITIONS CORP.,** | § | |
| **MDC CREDIT CORP. f/k/a** | § | |
| **MIDCOAST CREDIT CORPORATION,** | § | |
| **PREMIUM INVESTORS, INC., f/k/a** | § | |
| **MIDCOAST INVESTMENTS, INC.,** | § | |
| **SHOREWOOD ASSOCIATES, INC.,** | § | |
| **SHOREWOOD HOLDINGS CORP., and** | § | |
| **MICHAEL BERNSTEIN, individually,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Amend Final Default Judgment, filed December 28, 2017 (Doc. 78). Having considered the motion, appendix, record, and applicable law, the court **grants in part** and **denies in part** the motion. The motion is **granted** with regard to Plaintiff Adonai Communications, Ltd.'s ("Adonai") request that the court amend its Final Default Judgment issued on December 1, 2017, to award it an additional $239,248.43 in "attorney's fees as damages," and **denied** in all other respects.

**I.  Background**

The court has addressed the facts and procedural history of this case in several previous opinions and assumes the parties' familiarity with these opinions. *See Adonai Commc'ns, Ltd. v. Awstin Invs., LLC*, 2017 WL 5992227 (N.D. Tex. Dec. 1, 2017) (Lindsay, J.) ("*Adonai III*"); *Adonai*

**Memorandum Opinion and Order- Page 1**

*Commc'ns, Ltd. v. Awstin Invs., LLC*, 2012 WL 899271 (N.D. Tex. March 16, 2012) (Lindsay, J.) ("*Adonai II*"); *Adonai Commc'ns, Ltd. v. Awstin Invs., LLC*, 2011 WL 6122268 (N.D. Tex. Dec. 7, 2011) (Lindsay, J.) ("*Adonai I*").

In *Adonai III*, the court granted in part and denied in part Adonai's Motion to Reform and Finalize Judgment. Among other things, the court awarded Adonai $378,678.65 in damages for its breach of contract claim (comprised of $244,061 in tax liabilities and $134,617.65 in interest already paid on the tax liabilities), $8,500 for attorney's fees it incurred for Mr. Christopher S. Ayres's legal services in connection with the tax protest litigation, as well as prejudgment and postjudgment interest and costs. *Adonai III*, 2017 WL 5992227, at *5. The court denied Adonai's motion in all other respects, including insofar as it sought to recover an additional sum of $239,248.43 for "attorney's fees as damages," which included costs incurred for the law firm of Baker Botts, L.L.P's ("Baker Botts") legal services in 2009 and 2010 in filing and prosecuting the tax protest in the amount $175,932.26, and costs incurred for the law firm of Gary Reed & McGraw, L.L.P's ("Gary Reed & McGraw") services as tax counsel in connection with the tax protest litigation from December 8, 2011, to June 25, 2015, in the amount of $63,316.17. *Id.* at *6.[1] Although the court recognized that "attorney's fees as damages" were recoverable pursuant to Texas law under the circumstances presented, the court denied the relief sought, stating that Adonai:

> failed to provide the court with any testimony or evidence that the amount of fees it paid Baker Botts and [Gary Reed & McGraw] was reasonable and necessary. Absent

---

[1] The court also denied Adonai's request for $128,690.10 for the federal income taxes incurred by Dr. Graves when he had to withdraw money from his retirement account to satisfy the IRS debt, as well as the sum of $261,316.01 for anticipated future legal fees associated with recovery of the judgment once issued (which amount represents 35% of total damages it seeks to recover), and $50,000 for the anticipated costs of hiring a qualified investigator for the purpose of identifying and locating attachable assets. *See Adonai III*, 2017 WL 5992227, at *4-5.

**Memorandum Opinion and Order- Page 2**

> any evidence or testimony regarding the reasonableness or necessity of these fees, the court concludes that Adonai is not entitled to recover these amounts.

*Id.* at *4. Adonai now moves the court to amend the Final Default Judgment and award it the sum of $239,248.43 for "attorney's fees as damages," as well as all other amounts the court declined to award it.

## II.     Legal Standard

A motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted). When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

## III. Analysis

Pursuant to Federal Rule of Civil Procedure 59(a)(2), Adonai moves the court to alter or amend the Final Default Judgment to consider additional evidence to establish that it is entitled to the sum of $239,248.43 for "attorney's fees as damages." Adonai also moves the court to amend the judgment to allow recovery of all other amounts denied in *Adonai III*.

As a threshold matter, Rule 59(a)(2) of the Federal Rules of Civil Procedure provides as follows: "After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). As no nonjury trial took place in this case, Rule 59(a)(2), by its express terms, has no application. Accordingly, and as Adonai's motion was filed within twenty-eight days of the Final Default Judgment, the court will construe Adonai's motion as one to alter or amend judgment under Federal Rule of Civil Procedure 59(e), *supra*.

Prior to addressing the merits of Adonai's motion, the court is compelled to comment on Adonai's none-too-nuanced suggestion that its current predicament—having to submit additional evidence to demonstrate that the $239,248.43 in "attorney's fees as damages" sought was reasonable and necessary—is a result of the court's failure to inform it by prior order that an applicant for attorney's fees must submit evidence from which the court can determine that the amount of fees sought was reasonable and necessary. *See* Pl.'s Mot. 2 ("There was no mention, nor complaint by the Court concerning the submission of proof concerning attorney's fees."). Adonai is obviously referring to the court's previous order (Doc. 74) in which the court, rather than denying Adonai's motion outright, gave it an opportunity to supplement its Motion to Reform and Finalize Judgment to correct certain mathematical errors and to provide some evidence that it (rather than Dr. Graves) was even a party entitled to an award of damages in connection with the underlying tax protest, as the only evidence before the court showed that the IRS assessed the tax penalty against Dr. Graves, not Adonai. The law is clear that "attorney's fees sought to be recovered as damages must be reasonable and necessary." *American Home Assurance Co. v. United Space Alliance, LLC*, 378 F.3d 482, 490 (5th Cir. 2004) (citations omitted). It is not incumbent upon the court to inform a litigant of the law applicable to the relief it seeks, or the type of evidence needed to support its request for relief. That the court allowed Adonai an opportunity to correct these impediments to its ability to recover *any* damages, however, in no way precludes or estops the court from thereafter examining the pending motion and ruling on it accordingly.

A.     **"Attorney's Fees as Damages" in the Amount of $239,248.43**

In *Adonai III*, the court previously determined that "attorney's fees as damages" were recoverable pursuant to Texas law in this matter. *See Adonai III*, 2017 WL 5992227, at *4. The

court also stated that "attorney's fees sought to be recovered as damages must be reasonable and necessary." *Id.* (quoting *American Home Assurance*, 378 F.3d at 490). The court further noted that a party seeking such fees must show, at the very least, that the fees being sought as damages are reasonable." *Id.* (citation omitted). Noting the dearth of evidence presented by Adonai regarding whether the fees were reasonable and necessary, the court declined to award it the amount requested. *Id.* at *4.

Generally, a party requesting attorney's fees must provide the court with adequate information or documentation for it to determine whether the amounts sought were reasonably expended on the litigation. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (citation omitted). A court may reduce or reject hours in a fee request "when the supporting documentation is too vague to permit meaningful review." *Id.* at 326 (citations omitted). In this regard, Fifth Circuit precedent allows a court, in its discretion, to reduce or eliminate hours expended on tasks "vaguely referred to as 'pleadings,' 'documents,' or 'correspondence' without stating what was done with greater precision." *Id.* at 327 (citation omitted). Likewise, a district court may reduce hours for such vague entries as "legal research," "trial preparation," and "met with client." *Id.* at 326 (citation omitted).

Further, in assessing the amount of attorney's fees to award as damages in this action, the court will take into account the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Cobb v. Miller*, 818 F.2d 1227, 1231 (5th Cir. 1987).[2] While the

---

[2] The twelve factors are: "(1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the

court's analysis need not be meticulously detailed, it must articulate and clearly apply the *Johnson* criteria. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996) (citation omitted). Once the lodestar is computed by multiplying the reasonable number of hours by a reasonable hourly rate, the court may adjust the lodestar upward or downward depending on its analysis of the twelve factors espoused in *Johnson*. *Id.* (citations omitted).

Adonai had two sets of lawyers in connection with the tax protest litigation, Gary Reed & McGraw and Baker Botts. Adonai states that Gary Reed & McGraw's fees and expenses total $63,316.17. Attached to its Motion to Amend Final Default Judgment is the Affidavit of G. Tomas Rhodus, Esq., currently a partner at the law firm of Gary Reed & McGraw, and head of its tax practice group, attesting to the reasonableness and necessity of fees in the amount of $63,316.17 for legal services (included related expenses) performed by him, Jennifer L. Gurevitz, Esq., and Katie M. Robinson, a paralegal. *See* Exs. A1-A3 to Pl.'s Mot. (Doc. 78-1). These are fees and costs incurred by Mr. Rhodus, Ms. Gurevitz, and Ms Robinson (a paralegal) in contesting the liabilities asserted against Adonai and Dr. Graves by the Internal Revenue Service before the United States Tax Court between 2010 and 2015. Mr. Rhodus's hourly rate was $560 per hour and Ms. Gurevitz's hourly rate was $359.35 per hour. Ms. Robinson's hourly rate as a paralegal was $153.64. The total amount requested of $63,316.17 was calculated as follows: 61.30 hours at a rate of $560 per hour for Mr. Rhodus; 65.80 hours at a rate of $359.35 per hour for Ms. Gurevitz; and 2.20 hours at a rate of $153.64 per hour for Ms. Robinson, the legal assistant; as well as $5004.67 in related costs and

---

case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Cobb v. Miller*, 818 F.2d at 1231 n.5 (5th Cir. 1987) (citing *Johnson*, 488 F.2d at 717-19).

expenses.[3] The court notes that the underlying bills, invoices, and records for Gary Reed & McGraw's services were previously submitted by Adonai. *See* Pl.'s Orig. App., Ex. A, ¶ 6 and Ex. 6 thereto) (Doc. 72 at 35-43).

Adonai states that Baker Botts's fees and expenses total $175,932.26. Attached to its Motion to Amend Final Default Judgment is the Declaration of Joshua Mandell, Esq., currently a partner at the law firm of Baker Botts, and a member of its tax department, attesting to the reasonableness and necessity of fees in the amount of $175,932.26 for legal services (including related expenses) performed by him, Don C. Stephenson, a partner, and Neill Fuquay, an associate. These are fees and costs incurred by Messrs. Mandell, Stephenson, and Fuquay in connection with representing Dr. Graves and Adonai on issues related to transferee liability for the taxes of Awstin World-Wide Communications, Inc. in 2009 and 2010. Mr. Stephenson's hourly rate was $675 per hour in 2009 and $725 per hour in 2010. Mr. Mandell's hourly rate was $385 per hour in 2009 and $405 per hour in 2010. Although Mr. Mandella is now a partner at Baker Botts, at the time he was an associate. Mr. Fuquay's hourly rate was $325. The total amount requested of $175,932.26 was calculated as follows: 3.90 hours at a rate of $675 per hour for Mr. Stephenson for work performed in 2009; 73.20 hours at a rate of $725 per hour for Mr. Stephenson for work performed in 2010; .60 hours at a rate of $895 per hour for Mr. Mandell for work performed in 2009; 228.50 hours at a rate of $405 for Mr. Mandell for work performed in 2010; and 82.80 hours at a rate of $325 per hour for Mr. Fuquay; as well as $546.26 in related expenses. These amounts total $175,932.26. The court notes that the

---

[3] Although these amounts total $63,315.90, rather than $63,316.17, the court will not trifle over 27 cents.

**Memorandum Opinion and Order- Page 8**

underlying bills, invoices, and records for Baker Botts's services were previously submitted by Adonai. *See* Pl.'s Orig. App., Ex. A, ¶ 5 (Doc. 72 at 14-34).

With respect to Gary Reed & McGraw, the court has carefully reviewed Mr. Rhodus's Affidavit which contains the hourly rates charged by the two attorneys and the paralegal in this case, and states that, after weighing the *Johnson* factors and considering Texas Disciplinary Rule of Professional Conduct § 1.04, in his professional opinion, they are the normal and customary rates charged in the Dallas legal community for attorneys with the level of ability and experience that he has, as well as that of Ms. Gurevitz. Further, based on its experience and knowledge, the court is aware that the hourly rate charged by Ms. Robinson, a paralegal, is within the normal and customary range charged for legal assistants and paralegals in the Dallas legal community. With respect to Baker Botts, the court has carefully reviewed Mr. Mandell's Declaration, which contains the hourly rates charged by the three attorneys in this case and states that, after weighing the *Johnson* factors and considering Texas Disciplinary Rule of Professional Conduct § 1.04, they are the normal and customary rates charged in the Dallas legal community for attorneys with the level of ability and experience of himself, as well as Messrs. Stephenson and Fuquay. The court has also carefully considered the previously submitted billing records for the legal services performed by both sets of attorneys. *See* Pl.'s Orig. App., Ex. A, ¶¶ 5-6 and (Doc. 72 at 14-43). Based on this evidence, and considering the difficulty of the issues presented in connection with the underlying tax protest litigation, the court concludes that a preponderance of evidence establishes that the hourly rates of each attorney and of the paralegal are reasonable, and that the hours billed were necessary.

For these reasons, the court will grant Adonai's motion insofar as it seeks to amend the Final Default Judgment to include an award of $239,248.43 in "attorney's fees as damages."

### B. Remaining Matters

Adonai also asks the court to amend the Final Default Judgment to award it $128,690.10 for the federal income taxes incurred by Dr. Graves when he had to withdraw money from his retirement account to satisfy the IRS debt, as well as the sum of $261,316.01 for anticipated future legal fees associated with recovery of the judgment once issued (which amount represents 35% of total damages it seeks to recover), and $50,000 for the anticipated costs of hiring a qualified investigator for the purpose of identifying and locating attachable assets. In *Adonai III*, which the court incorporates by reference herein, the court determined that these amounts were not recoverable. *See Adonai III*, 2017 WL 5992227, at *4-5. Adonai provides the court with no basis to alter or amend the Final Default Judgment in this regard. Accordingly, for the reasons previously stated in *Adonai III*, the court **denies** Adonai's motion to alter or amend judgment in this regard.

## IV. Conclusion

For the reasons herein stated, the court **grants in part** and **denies in part** Adonai's Motion to Reform and Finalize Judgment (Doc. 70). The court **grants** Adonai's motion insofar as it seeks to amend the Final Default Judgment to include an award in the amount of $239,248.43 for "attorney's fees as damages." For the reasons set out in detail in *Adonai III*, however, the court **denies** the motion in all other respects.

In accordance with Rule 58(a) of the Federal Rules of Civil Procedure, the court will issue an Amended Final Default Judgment in a separate document.

**So ordered** this **22nd** day of **January, 2018.**

_____
Sam A. Lindsay
United States District Judge